In the united States District Court Middel District of Pennsylvania

(13)

8-15-00

FILED
HARRISBURG, PA

AUG 1 - 2000

MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

Douglas H. Thornton
Plaintiff.

v.

Case No. 1:CV-00-125[illegible]

Donald Romine, warden. et aL
Defendants

J. Kane
PRSLC Schumelfeng

motion to amend. /Suppermen.t

Come Now the said Plaintiff and motion this Honorable United State District Court to amend this Complaint and grant the Same. for the following reason. Suppement.

1. That there are other Defendant to this complamt.

2. That official at USP Allenwood refuse to give the Plaintiff his legal property and ~~[illegible]~~ told him he will be lock up if keep asking for it.

3. That medical Staff is not effectively treating the Plaintiff and not making a true or full record of Plaintiff medical complaint and not given Plaintiff all treatment that stated in his medical record.

4. That Plaintiff received injury to his head on march 3, 2000 when he was assoult by two inmate and later by Staff at USP-Lewisburg. and other parts of my body

Respefull Submitted

**Part B - Response**

You appeal the June 14, 2000 decision of the Discipline Hearing Officer (DHO) at USP Lewisburg, finding that you committed the prohibited act of Conduct Which Disrupts, Most Like Assault, Code 101, Incident Report No. 773788. You contend you did not receive a copy of the incident report until May 29, 2000, and that you did not receive an administrative detention order. You seek to have the disciplinary action expunged.

The DHO found that your conduct, which was assaultive in nature, was disruptive of institutional operations based on the following. Memoranda from several staff members who broke up a fight between you and two inmates, state that you actively resisted their attempts to restrain you, and became physically combative toward responding staff. A responding staff member's finger was broken while he attempted to restrain you during this incident. The other inmates involved in the fight were restrained without incident and complied with staff's instructions. It was reasonable for the DHO to conclude that your conduct was disruptive, most like assault.

You contend the incident occurred in March 200 and you were not given a copy of the incident report until May 29, 2000. Processing of your incident report was properly suspended pending a referral to the FBI for possible criminal prosecution. The FBI advised the institution administrative processing could recommence on May 29, 2000. The incident report was given to you that same day and your DHO hearing was held on June 14, 2000. The discipline process was timely.

Your contention that an administrative detention order was never issued to you prior to your placement in Special Housing is independent of the DHO decision and must first be addressed to your Warden.

The record in this case reflects substantial compliance with Program Statement 5270.7, Inmate Discipline. The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited act. The sanctions imposed, to wit: 60 days disciplinary segregation, loss of commissary privilege for 180 days, loss of telephone privilege for 180 days, and loss of

(Continued on Page Two)

visiting privilege for 180 days were within the maximum authorized for your offense and were not disproportionate to your misconduct. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: July 28, 2000

DAVID M. RARDIN
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: [illegible] Douglas H | [illegible] | [illegible] | [illegible]
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** DHO Appeal Case # 773786 I [illegible] the incident report until May 25, 2000. I [illegible] investigation [illegible] [illegible] [illegible] [illegible] [illegible] perpetrated [illegible] has been conducted in violation [illegible] Bureau of Prisons [illegible] C.F.R. [illegible] Part 42, Section 541.[illegible] 541.12. [illegible] This [illegible] investigation [illegible] Disciplinary [illegible] 541.16. I [illegible]

[illegible] 24, 2000
DATE

[illegible]
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 215911-R1

**Part C—RECEIPT**

CASE NUMBER: ____________

Return to: ____________
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

Douglas H. Thornton
Reg No# 37461-118-1A-130
U.S.P. Allenwood
P.O. Box 3500
White Deer Pa 17887

Date August 10. 2000

To: Mary E. D'Andrea
Court Clerk
U.S. District Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg Pa. 17108

Thornton V. D Romine 1:CV-00-1255

Re:

I am writing this letter to inform your office. That I am unable at this time to file any motions etc in this action Thornton V. D. Romine 1:00 CV 01255, for the following reasons. I was transfer to USP Allenwood from USP-Lewisburg on July 19, 2000, my legal propert was place on the bus with me. I have talked with two unit-managers. Mr. Stevenson of A.O. 4-A unit and. Mis Eldridge of 1A unit about my property. I have talked to Counselor R. Denjen of 1A unit, the instilotion property officer and the R.D. head officer, action A.W. about my legal property. I have show them document that received from this Court portaining the above cited civil action. I was told if I keep asking for my legal Property I'll be place in the hold. with out my legal property I am unable to answer of file motion etc. I been told