IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON,     :
     Plaintiff,     :     CIVIL NO. 1:CV-00-1255
     :
     v.     :     (Judge Kane)
     :
DONALD ROMINE,     :
     Defendant     :

**FILED**
HARRISBURG, PA

JAN - 4 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MEMORANDUM AND ORDER

## Background

Douglas Henry Thornton, an inmate presently confined at the Allenwood United States Penitentiary (USP-Allenwood), White Deer, Pennsylvania, filed the captioned civil rights complaint pursuant to 28 U.S.C. § 1331. He proceeds pro se and in forma pauperis. Presently before the court for consideration are Thornton's two motions for appointment of counsel (Doc. Nos. 5, 18). Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

In Tabron, a case filed by a prisoner pursuant to 42 U.S.C. § 1983 asserting a failure on the part of prison officials to protect him from assault by another prisoner, the Court of Appeals for the Third Circuit, in part, vacated the denial of the plaintiff's request for the appointment of counsel and remanded for reconsideration of that request in accordance with the terms of its decision. In reaching its decision the Tabron court

announced the factors to be considered by a district court in deciding whether to exercise

its discretion and appoint counsel for an indigent litigant in a civil case.

Initially, the Tabron court noted that ". . . the district court must consider as a

threshold matter the merits of the plaintiff's claim." Tabron, 6 F.3d at 155. Next, if a claim

has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a

significant factor that must be considered in determining whether to appoint counsel." Id.

at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of

presenting his or her case, serious consideration should be given to the appointment of

counsel... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be

appointed." Id.

Further, under Tabron, the district court's decision whether to appoint counsel

should be "informed" by a consideration of the following additional factors: the "difficulty of

the particular legal issues;" "the degree to which factual investigation will be required and

the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to

turn on credibility determinations; whether expert testimony is required; and whether the

litigant is capable of retaining counsel on his or her own behalf. Id. at 156, 157 n.5.

Moreover, the Tabron court held that the ". . . appointment of counsel . . . may be made at

any point in the litigation and may be made by the district court sua sponte." Id. at 156.

Finally, the Tabron court acknowledged that "courts have no authority to

compel counsel to represent an indigent civil litigant," id. at 157 n.6, and cautioned against

the indiscriminate appointment of counsel in view of the limited supply of competent

attorneys willing to accept such appointments. Id. at 157:

2

> We also emphasize that volunteer lawyer time is
> extremely valuable.  Hence district courts should
> not request counsel under § 1915(d)
> indiscriminately.  As the Court of Appeals for the
> Second Circuit has warned:  'Volunteer lawyer time
> is a precious commodity. . . .  Because this
> resource is available in only limited quantity, every
> assignment of a volunteer lawyer to an undeserving
> client deprives society of a volunteer lawyer
> available for a deserving cause.  We cannot afford
> that waste.  Cooper v. A. Sargenti Co., 877 F.2d
> 170, 172 (2d Cir. 1989).'

Applying the relevant Tabron factors to Thornton's motions, the court is of the view that the appointment of counsel is not warranted at this time.  Thornton will be filing an amended complaint and the court has yet to determine whether this matter will be allowed to proceed and, therefore, the request is premature.  Additionally, in his submissions to date, he has demonstrated that he has some understanding of the law and is capable of adequately representing himself and presenting comprehensible arguments.  Further,  it appears the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that he will suffer substantial prejudice if he is forced to prosecute this case on his own.  Finally, Thornton's apparent ability to present his case is aided by the court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), which in combination militate against the appointment of counsel.

Therefore, the motions for the appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Thornton.

ACCORDINGLY, THIS 4th DAY OF JANUARY, 2001, IT IS HEREBY
ORDERED THAT: the motions for the appointment of counsel (Doc. Nos. 5, 18) are
DENIED.

Yvette Kane
United States District Judge

YK:mcs

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 4, 2001

Re:  1:00-cv-01255   Thornton v. Romine

True and correct copies of the attached were mailed by the clerk
to the following:

Douglas Henry. Thornton
USP-ALLENWOOD
Maximum Security Correct. Inst.
37461-118
P. O. Box 3500
White Deer, PA  17887

cc:
Judge                        ( ✓ )
Magistrate Judge             (  )
U.S. Marshal                 (  )
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )     Pltf's Attorney ( )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen   ( )   PA Atty Gen ( )
                                      DA of County  ( )   Respondents ( )

Bankruptcy Court             (  )
Other  FSLC                  ( ✓ )

                                        MARY E. D'ANDREA, Clerk

DATE:  1-4-01                    BY: _____
                                        Deputy Clerk