MCC:JJT:mel

FILED
WILLIAMSPORT, PA

MAY 1 1 2001

MARY E. D'ANDREA, CLERK
Per _____ KF
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON,  :
    Plaintiff  :
      :
    v.  :  Civil No. 1:CV-00-1255
      :  (Kane, J.)
DONALD ROMINE, Warden,  :
    Defendant  :

### BRIEF IN SUPPORT OF DEFENDANT ROMINE'S MOTION TO DISMISS

This is a <u>Bivens</u> claim brought by a pro se federal prisoner, Douglas Henry Thornton, against Donald Romine, Warden. Thornton complains that he is suffering health problems from exposure to radiation as a result of being forced to walk through metal detectors at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").[1] He requests injunctive and monetary relief.

This brief is submitted in support of defendant Romine's motion to dismiss filed on April 30, 2001. The motion rests upon (1) Warden Romine's lack of personal involvement; (2) that the doctrine of <u>respondeat superior</u> cannot form the basis of a <u>Bivens</u> claim; and, (3) that sovereign immunity bars Thornton's suit for money damages.

---

[1] Thornton has exhausted his available administrative remedies regarding this issue pursuant to 28 C.F.R. § 542.10.

## Statement of the Case

In reciting the relevant facts, defendant relies upon Thornton's complaint. See <u>Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.</u>, 998 F.2d 1192, 1196 (3rd Cir. 1993)(in deciding motion to dismiss, court can consider allegations in complaint, exhibits attached to complaint, and matters of public record); <u>Vosgerichian v. Commodore International</u>, 862 F. Supp. 1371, 1375 (E.D. Pa. 1994)(citing cases).

According to the complaint, Thornton is being forced to walk through "radiation producing" metal detectors "about four thousand times a year, about a hundred times a week, about 30 times a day," in violation of the Eighth Amendment. He claims to suffer from sleeping disorders, headaches, loss of hair, and loss of weight, after walking through the metal detectors. (Compl., section IV. Statement of Claim.) As relief, Thornton requests $10 million from the Warden. He also requests that the defendant (1) stop forcing him to walk through the metal detectors; (2) test the level of radiation being produced by each of the metal detectors; and (3) answer the Freedom of Information Act request filed with the Federal Bureau of Prisons.

## Questions Presented

1.  Should Warden Romine be dismissed for lack of personal involvement?

2. Should Warden Romine be dismissed as the doctrine of <u>respondeat superior</u> cannot form the basis of a <u>Bivens</u> claim?

3. Should the money claims against Warden Romine in his official capacity be dismissed as barred by sovereign immunity?

### **Argument**

**A. <u>Defendant Romine Should Be Dismissed For Lack Of Personal Involvement.</u>**

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Stackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

As to personal involvement, an inmate must plead and later prove that some affirmative act or omission was committed by the individual defendant to subject him or her to personal liability for the actions of another person. <u>Bracey v. Grenoble</u>, 494 F.2d 566 (3d Cir. 1974). Indeed, complaints like Thornton's which combine conclusory allegations--absent reference to material facts--will not survive motions to dismiss. <u>Geter v. Fortenberry</u>, 849 F.2d 1550, 1553 (5th Cir. 1988). <u>See also</u> <u>Kennedy v. City of Cleveland</u>, 797 F.2d 297 (6th Cir. 1986); <u>Cotner v. Hopkins</u>, 795 F.2d 900 (10th Cir. 1986); <u>Elliott v.</u>

Perez, 751 F.2d 1472, 1482 (5th Cir. 1985) (plaintiff attempting to present civil action against individual government officials must: (1) be able to present material facts upon which he contends he can establish a right to recovery; (2) be able to state those facts with some particularity; and (3) must show why official cannot show a valid defense of immunity).

In the present case, Thornton makes no allegations that Warden Romine was "personally involved" in the alleged constitutional violations. In fact, other than listing him as a defendant, Warden Romine is not mentioned anywhere in the complaint but in the prayer for relief. Additionally, although Thornton was provided with an opportunity to amend his complaint earlier this year, he failed to do so. Without elaboration by Thornton as to the claims against Warden Romine, the defendant lacks sufficient personal involvement in this cause of action and should, therefore, be dismissed.

B.  **Defendant Romine, As A Supervisory Official, Is Not Personally Liable In A Bivens Action Under The Doctrine Of Respondeat Superior.**

As previously stated, Thornton names Warden Romine as the only defendant to this action, yet he fails to make any allegations relating to his personal involvement in the issues raised in the complaint. To the extent Thornton's complaint is read as alleging liability by virtue of defendant's position as Warden of USP Lewisburg, it is well-settled that the doctrine of

respondeat superior cannot form the basis of a Bivens claim. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Robertson v. Sichel, 127 U.S. 507, 515-17 (1888); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988); Fayerweather v. Bell, 447 F. Supp. 913 (M.D. Pa. 1978). Cf. Young v. Quinlan, 960 F.2d 351, 358, n.14 (3d Cir. 1992). In Haynesworth v. Miller, 820 F.2d 245 (D.C. Cir. 1987), this proposition was concisely explained:

> [I]n order to find a supervisory official personally liable in damages for the unconstitutional [or otherwise wrongful] acts of his subordinate, it must be shown that he was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional [or other harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened.

Id. at 1262. See generally Farmer v. Brennan, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable under the Eighth Amendment unless he knows of and disregards an excessive risk to an inmate's health or safety).

Furthermore, personal involvement or some affirmative action on the part of a defendant is necessary before he may be found liable for a civil rights violation. See Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990); Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988); Stoneking v. Bradford Area School District, 882 F.2d 720, 729-30 (3d Cir. 1980); Flanagan v. Shively, 783 F. Supp. 922 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992); Farmer v. Carlson, 685 F. Supp. 1335 (M.D. Pa. 1988). Thornton

5

fails to provide any specific information regarding the Warden's personal involvement. The fact that he holds a supervisory position does not in and of itself expose him to <u>Bivens</u> liability. Therefore, defendant Romine should be dismissed.

C. <u>**Defendant Romine Is Entitled To Sovereign Immunity.**</u>

In <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court implied a cause of action for damages against federal employees for the violation of constitutional rights. The same immunities that are granted to state officials in § 1983 civil rights actions apply to federal employees. <u>Butz v. Economou</u>, 438 U.S. 478, 496-505 (1978).

Likewise, sovereign immunity equally applies in <u>Bivens</u> actions. Thus, plaintiffs cannot bring <u>Bivens</u> actions against the United States, federal agencies, or federal employees sued in their official capacities. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 130 n.4 (3rd Cir. 1986); <u>Laswell v. Brown</u>, 683 F.2d 261, 267-68 (8th Cir. 1982); <u>See</u> also <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985)(suit against officer in official capacity is the same as a suit against the sovereign). To the extent Thornton's money claims are against the Warden in his official capacity, they are barred by sovereign immunity and should be dismissed.

## IV. Conclusion

For the reasons stated above, defendant Romine's motion to dismiss should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Date: May 11, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON,
    Plaintiff
    v.    :  Civil No. 1:CV-00-1255
    :  (Kane, J.)
DONALD ROMINE, Warden,
    Defendant

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 11, 2001, she served a copy of the attached

BRIEF IN SUPPORT OF DEFENDANT ROMINE'S
MOTION TO DISMISS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Douglas Henry Thornton
Reg. No. 37461-118
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

MICHELE E. LINCALIS
Paralegal Specialist