**ORIGINAL**

In the United States District Court
For the Middle District of Pennsylvania

Douglas Henry Thornton
Plaintiff

vs.

Donald Romine, Warden
et al. Defendants.

Civil No. 1:CV-00-1255
(Kane, J.)

FILED
HARRISBURG
MAY 23 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

Brief in Support of Defendant
Plaintiff motion of Objection to
Defendant motion to Dismiss

This claim was brought against the Defendant, Donald Romine, who is the Warden of the Federal Penitentiary Lewisburg Pennsylvania (USP Lewisburg). USP Lewisburg is the place where the subject matter that is the cause of this action took place.

2. The Defendant, Donald Romine, was the Warden of USP-Lewisburg at the time and date of this claim. The Defendant was the Chief Executive Officer (CEO) of USP Lewisburg at the time and date of this incident and did have the appropriate authority and legal discretionary power and responsibilitys over the subject matters mention within this complaint. Title 5. CFR. Part 2635. Title 28. CFR. Part 43.

P2

The subject matter of this Complaint are the meny metal detectors that the Plaintiff are forced to walk through, and the effect of the radiation from those metal detect on Plaintiff. Plaintiff brought this matter to the defendant as the Warden and Chief Execulive officer of USP-Lewisburg; By way of administrative remedies that the Plaintiff filed the original and the necessary amount of copies along with the filing of this Complaint Administrative remedy BP-9. No# ~~~~~ 193830-F1.

4. Plaintiff talked with the Defendant as the Warden of USP Lewisburg about the meny metal detectors and the meny level ~~these~~ metal detertors was on. And that the control box on each metal detertor was not on the same level and the control boxs was being set by inm or any one who want to for what ever reasons. The cont box over top of the metal detector was out in the ope where anyone can change them, at any time for any reasons

5. The ~~Defector~~ Defendant in answering the BP-9 that I filed on the metal detectors and their effect~~s~~ Stated that the metal Detectors did not give out any level of radiation and that all the Metal Defectors are to say in place. See BP-9 No# 193830-F1. USP Lewisburg. The Defendant did not address the effect~~s~~ of the metal Detecto

P 3.

The Defendant as the Warden and Chief Executive Officer of USP Lewisburg could have order an investigation of the metal detectors and the level of radiation made by each metal detectors. He could have order the testing of level each metal detector was working on. He could have order that the control box that control the level each metal detectors work on be secur so that anyone can not change them when ever they wanted to. He could have order for all or some of the metal detector be remove.

6. Administrative remedies that the Plaintiff filed to ofter offices within the Federal bureau of Prisons. Northeast Regional Office BP-10 No# ▬▬ 193830 R1; BOP- Central Office BP-11 No# 193830-A1. did state within their response that the metal Detectors do make ▬ radiation. the level of radiation are not sure. See attached administrative remedies to complaint.

7. Plaintiff has filed Supporting Affidavits from other Federal or inmate's who was at USP Lewisburg at the time of the Subject matters of this complaint. These inmates has been Subjected to the same as Plaintiff and has experience some of the same effects-medical problems etc.

P-4.

8. The Defendant Romine; Did have Knowledge of the subject matter of this complaint and was made aware of it by the Plaintiff, By way of Administrative remedies, BP-9, Us# 193830 F1. The Defendant as the Warden and Chief Executive officer of USP Lewisburg. Answer the about cited BP-9. In the Defendant response to the BP-9. He stated as the Chief Executive officer and as the Warden that all the Metal Detectors was to stay the same and that they do not produce any radiation. He did not address other matter mention within etc.

The Defendant answer and response to the BP-9 that Plaintiff filed or Submitted to him as the Warden and (CEO) at USP Lewisburg Made the Defendant Officially and Personally Involvement. The Defendant answer or response or lack of answers to the BP-9 that Plaintiff filed that he answer to, made him involve. As the Warden and Chief Executive office he could have order that the metal detector be tested, removed, that the control box Be better protected, that all metal detector be preset.

For reasons mention above all relief should be granted.

USP-Allenwood        May 20-2001
P.O. Box 3000

Respectfully Submit
[signature]

CERTIFICATE OF SERVICE AND PRISONER MAILING

I, Douglas Henry Thornton, being duly sworn according to law, hereby depose and say:

1. I am a prisoner at USP Allenwood, White Deer, PA.

2. On the 20 day of May, 2001, I placed One copies of the attached pleading(s) in an envelope addressed to the following party/parties: Joseph J. Terzi, Assistant U.S. Attorney, 316 Federal Building, 240 West Third Street, Williamsport, Pa. 17703. Brief in Support of Plaintiff Motion of Objection to Defendant Motion to dismiss Civil case No# 1:CV-00-1255 (Kane, J).

3. I then affixed sufficient postage to cover first-class U.S. Mail delivery, and placed the package in the box reserved for inmate Legal Mail here at USP Allenwood on May, 2001.

SIGN UNDER THE PAIN OF PERJURY ON THIS 20 DAY OF May, 2001.

ss/ [signature]
Reg. No. 37461-118-1A-110
USP Allenwood
P.O. Box 3000
White Deer, PA 17887