MCC:JJT:mel:2001V00294

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
WILLIAMSPORT, PA

JUN 8 2001

MARY E. D'ANDREA, CLERK
Per_____ KF
     DEPUTY CLERK

DOUGLAS HENRY THORNTON, :
      Plaintiff :
       :
v. : Civil No. 1:CV-00-1255
       : (Kane, J.)
DONALD ROMINE, Warden, :
      Defendant :

## REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S MOTION TO DISMISS

### Procedural History

Thornton initiated this <u>Bivens</u> cause of action on July 14, 2000, against Warden Romine, alleging he is being forced to walk through metal detectors and, as a result, is suffering health problems from exposure to radiation. A motion to dismiss and supporting brief have been filed on behalf of the Warden. Specifically, in his motion, the Warden argued that he (1) should be dismissed for lack of personal involvement; (2) is not personally liable in a Bivens action under the doctrine of <u>respondeat superior</u>; and, (3) is entitled to sovereign immunity. Thornton has opposed the motion and this brief is submitted in reply thereto.[1]

---

[1] The certificate of service attached to Thornton's opposition indicates a service date of May 20, 2001. However, since May 20, 2001 was a Sunday, Thornton's brief would not have

**Argument**

Warden Romine has filed a fully briefed dispositive motion based primarily on the fact that Thornton's complaint fails to make any allegations whatsoever that Warden Romine was personally involved in the alleged constitutional violations. A review of the complaint reveals that Warden Romine is not mentioned anywhere but in the caption and the prayer for relief. In opposing Warden Romine's motion to dismiss, Thornton now attempts to cure the defects of the complaint by making specific references to the Warden. However, the statements in the opposing brief do not change the fact that the <u>complaint</u> is devoid of all of these allegations.

It is noted that Thornton was provided with an opportunity to amend his complaint earlier this year, but failed to do so. To the extent he is now attempting to amend his complaint by way of this brief, he cannot do so. "[N]either the Federal Rules of Civil Procedure nor the Local Rules recognize the filing of an amendment to a complaint within [an opposing] brief . . . ." <u>Sallee v. Segraves</u>, Civil No. 4:CV-95-0199, <u>slip op.</u> at 3 (M.D. Pa., Aug. 30, 1995) (Muir, J.). Therefore, any attempt by Thornton to amend his complaint in his "Brief in Support of Defendant Plaintiff Motion of Objection to Defendant Motion to Dismiss" dated May 20, 2001, should be deemed improper. <u>Id.</u>

---

been mailed until Monday, May 21, 2001.

2

## Conclusion

Wherefore, for the reasons stated in Warden Romine's principle brief, the motion to dismiss should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

                                    Respectfully submitted,

                                    MARTIN C. CARLSON
                                    United States Attorney

                                    JOSEPH J. TERZ
                                    Assistant U.S. Attorney
                                    MICHELE E. LINCALIS
                                    Paralegal Specialist
                                    316 Federal Building
                                    240 West Third Street
                                    Williamsport, PA  17703

Date: June 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BENJAMIN F. SALLEE, JR., :

      Plaintiff : No. 4:CV-95-0199

vs. : (Judge Muir)

OFFICER SEGRAVES, et al., :

      Defendants :

ORDER
August 30, 1995

FILED
WILLIAMSPORT, PA
AUG 3 0 1995
MARY E. D'ANDREA, CLERK
Per KF
Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 10, 1995, Plaintiff Benjamin F. Sallee, Jr., currently an inmate at the Federal Correctional Institution at Schuylkill, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Sallee alleges that he was improperly issued an incident report on the basis that he disobeyed an order of case manager Cozza to sit in a chair during a parole hearing. The Defendants are Corrections Officers Segraves, Buck, Bedford, and Cozza, Acting Lt. Marine, and Robert Zimany, all of the Allenwood Federal Correctional Complex. Sallee is proceeding pro se and in forma pauperis.

The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge J. Andrew Smyser for preliminary consideration.

Sallee's initial filings of February 10, 1995 consisted of two handwritten documents. Despite having different titles, Magistrate Judge Smyser determined that the language in each of the

documents was nearly identical and therefore these documents were deemed to be two copies of the same complaint. In his complaint, Sallee, requested relief in the form of "habeas corpus and any other relief" the court deemed just.

On February 22, 1995, Sallee amended his complaint by filing an amendment which verified that Sallee was pursuing a Bivens-type claim and not a habeas corpus action.

On April 24, 1995, the Defendants filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On May 1, 1995, Sallee filed two documents, both of which were dually labelled "Reply to Motion to Dismiss" and "Amendment." In these documents, Sallee purported to change the nature of the relief he requested in his complaint to "monetary damages only."

On June 23, 1995, Magistrate Judge Smyser issued a report in which he recommended that Sallee's complaint be dismissed as to Defendant Bedford. Magistrate Judge Smyser further recommended that the Defendants' motion to dismiss be denied with respect to the remaining Defendants.

On July 5, 1995, Sallee filed objections to Magistrate Judge Smyser's Report and Recommendation. On August 9, 1995, Defendants filed a document entitled "Response to Court's Order."

Pursuant to Fed.R.Civ.P. 15(a), a party is entitled to amend his pleading once as of right within 20 days of service. Once the party has amended his pleading as of right, or once the prescribed

2

20-day period has elapsed, a party "may amend the party's pleading only by leave of court or by written consent of the adverse party...." Fed.R.Civ.P. 15(a).

On February 22, 1995, Sallee amended his pleading as of right. Thereafter, pursuant to Rule 15(a), Sallee could not amend his pleading further without leave of Court. Sallee did not apply for leave of Court prior to amending his complaint the second time.

Further, neither the Federal Rules of Civil Procedure nor the Local Rules recognize the filing of an amendment to a complaint within a brief such as the one Sallee filed on May 1, 1995. See Local Rule 7.6. We are of the view that Sallee's attempt to amend his complaint in his May 1, 1995, briefs in opposition to the Defendants' motion to dismiss is improper.

We will strike Sallee's documents of May 1, 1995 from the record and remand this case to Magistrate Judge Smyser for further proceedings.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Sallee's documents of May 1, 1995 entitled "Reply to Motion to Dismiss" and "Amendment" are stricken from the record.

2. Sallee may within 15 days of the date of this order file a brief in opposition to the Defendants' motion to dismiss consistent with Local Rule 7.6.

3. The case is remanded to Magistrate Judge Smyser for further proceedings consistent with this order.

4.  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

*[signature]*
MUIR, U.S. District Judge

MM:jt

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON,  :
    Plaintiff  :
      :
    v.  :  Civil No. 1:CV-00-1255
      :  (Kane, J.)
DONALD ROMINE, Warden,  :
    Defendant  :

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 8, 2001, she served a copy of the attached

**REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Douglas Henry Thornton
Reg. No. 37461-118
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

*Michele E Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist