Case No: 1:00-cv-1255   Document No:

Douglas Henry. Thornton
37461-118
USP-ALLENWOOD
Maximum Security Correct. Inst.
P. O. Box 3500
White Deer, PA 17887

The U. S. District Court for the Middle District of P
established a Fax/Noticing Program effective 2/1/
To participate in the program, and receive notices
and judgments by electronic means, please comp
authorization form attached.



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U. S. COURTHOUSE
228 ___NUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
HARRISBURG
APR 08 2002
MARY E. D'ANDREA
Per _____ Deputy Clerk

RTS RETURN TO SENDER
☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD
☐ OTHER

570-547-0963

Case No: 1:00-cv-1255   Document No: 48,   1 Copy Printed: Mar, 29, 2002  05:46 PM

Douglas Henry. Thornton
37461-118
USP-ALLENWOOD
Maximum Security Correct. Inst.
P. O. Box 3500
White Deer, PA 17887

The U. S. District Court for the Middle District of PA has
established a Fax/Noticing Program effective 2/1/02.
To participate in the program, and receive notices of orders
and judgments by electronic means, please complete the
authorization form attached.

# United States District Court
# for the
# Middle District of Pennsylvania



Please file all pleadings directly with the Clerk's Office in which the assigned Judge is located. Do not file any courtesy copies with the Judge's Chambers.

| JUDICIAL OFFICERS | CLERK'S OFFICE ADDRESS |
|---|---|
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Thomas M. Blewitt<br>Magistrate Judge Malachy E. Mannion | U.S. District Court<br>235 North Washington Ave.<br>P.O. Box 1148<br>Scranton, PA 18501 |
| Judge Yvette Kane<br>Judge Sylvia H. Rambo<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>228 Walnut St.<br>P.O. Box 983<br>Harrisburg, PA 17108 |
| Judge Malcolm Muir<br>Judge James F. McClure | U.S. District Court<br>240 West Third St.<br>Suite 218<br>Williamsport, PA 17701 |

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## AUTHORIZATION TO TRANSMIT NOTICE OF ORDERS AND JUDGMENTS VIA ELECTRONIC MEANS

The Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania is hereby authorized to transmit notice of entries of judgments and orders by electronic means in any case in which this capability exists and the undersigned appears as the attorney of record.[1]

I understand it is my responsibility to provide the Clerk's Office with a number dedicated for facsimile transmission and/or e-mail address and to notify the Clerk's Office promptly in writing if the dedicated FAX number or e-mail address changes. I also understand this electronic notice will be in lieu of notice by mail.

Printed Name: _____

PA Bar ID: _____

Firm Name: _____

Address: _____

_____

Phone: _____

Signature: _____

Date: _____

**FAX NUMBER DEDICATED FOR NOTICE:** _____

**E-MAIL ADDRESS DEDICATED FOR NOTICE:** _____

(Note: e-mail feature will not be available until Spring 2002)

Mail, fax or e-mail this authorization to:   Clerk, U.S. District Court
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Fax (570) 207-5650         E-Mail: *mdpacourt @ pamd.uscourts.gov*

Please file only one authorization form. It will activate an account in all cases in which you are an attorney of record. You will receive notice by electronic means when your account has been established.

---

[1] February 1, 2002 - Social Security Cases and Criminal Cases are not included in the Middle District's progam at this time, but may be included in the future.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HENRY THORNTON
Plaintiff

v.

CIVIL NO. 1:CV-00-1255

(JUDGE KANE)

DONALD ROMAINE,
Defendant

FILED
MAR 2 8 2002
PER
HARRISBURG, PA.    DEPUTY C

## MEMORANDUM AND ORDER

BACKGROUND

Douglas Henry Thornton, an inmate previously confined at the Lewisburg United States Penitentiary (USP-Lewisburg), Lewisburg, Pennsylvania, filed the captioned civil rights complaint pursuant to 28 U.S.C. § 1331. He proceeds pro se and in forma pauperis. Presently before the Court is Defendant's motion to dismiss.

Thornton alleges in his complaint that he is suffering health problems as a result of being forced to walk through metal detectors at the prison. Named as sole Defendant is Donald Romaine, Warden at USP-Lewisburg. Thornton claims that he is being forced to walk through "radiation producing" metal detectors, "about four thousand times a year, about a

Certified from the record
Date 3/28/02
Mary E. D'Andrea, Clerk
Per
Deputy Clerk

hundred times a week, about 30 times a day," in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. No. 1, p. 2). He claims to be suffering from sleeping disorders, headaches, loss of hair and loss of weight as a result of being exposed to the radiation-producing metal detectors. Thornton requests that the Court order Defendant Romaine to: (1) stop forcing him to walk through the metal detectors; (2) test the level of radiation being produced by the metal detectors; and (3) answer the Freedom of Information Act request Thornton has filed with the Federal Bureau of Prisons. Thornton also seeks compensatory damages from Defendant Romaine in the amount of ten (10) million dollars.[1]

Thornton filed his complaint on July 14, 2000. ( Doc. No. 1). On August 14, 2000, September 1, 2000, and September 25, 2000, Thornton filed motions seeking leave to amend his compliant. (Doc. Nos. 13, 16, 19). By Order dated January 4, 2001, this Court granted Thornton's motions and directed that an amended complaint be filed within 20 days of the date

---

[1] Thornton has since been transferred to the United States Penitentiary at Allenwood (USP-Allenwood), White Deer, Pa. Thus, Thornton's claims seeking injunctive relief against Defendant Romaine are deemed moot. See Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96(1974)(Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects.) Furthermore, absent class certification, an inmates claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate is transferred. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).

of the Order. (Doc. No. 25). The amended complaint was due no later than January 25, 2001. No amended complaint having been filed within the prescribed time, this Court ordered, on February 26, 2001, that the matter shall proceed on the original complaint. (Doc. No. 26). On May 1, 2001, Defendant Romaine filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 30). On May 7, 2001, Thornton filed a motion in opposition to Defendant's motion to dismiss. (Doc. No. 31). On May 23, 2001, Thornton filed a brief in opposition to Defendant's motion to dismiss. (Doc. No. 34). Defendant Romaine filed a reply brief on June 8, 2001. The matter is now ripe for disposition.

Defendant Romaine argues that the complaint must be dismissed because the complaint on it's face fails to set forth a claim upon which relief can be granted. Specifically Defendant Romain asserts that the complaint on its face does not allege any personal involvement on the part of Defendant Romaine in the activities which Plaintiff alleges have harmed him and which he alleges are in violation of his Eighth Amendment rights. Defendant argues further that the complaint must be dismissed because Thornton's claims cannot rest on a theory of respondeat superior. For the reasons set forth below, Thornton's complaint will be dismissed.

## DISCUSSION

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042(1994).

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the Plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Third Circuit added that when considering a motion to dismiss based on failure to state a claim, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It has been held that the test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the

pleadings, plaintiff may be entitled to relief. Holder v. City of Allentown, 987 F.2d 188 (3d Cir. 1993). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Applying these standards the Court is satisfied that the complaint must be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each defendant named must be shown, via the complaint's

allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal directions or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

A review of Thornton's complaint reveals that he has not alleged, even generally, that Defendant Romaine is responsible for the fact that Thornton must walk through the metal detectors.[2] Based upon this Court's review of the complaint, there are no factual averments or indication that Defendant Romaine had any actual knowledge that Thornton believed that his health was in danger as a result of being required to pass through the metal detectors. On the contrary, Thornton's opposing brief acknowledges

---

[2] Thornton argues in his "Brief in Support of Defendant/Plaintiff Motion to Dismiss" (Doc. No. 34) that Defendant Romaine, as Chief Executive Officer of USP-Lewisburg, at the date and time of the claim, had "appropriate authority and legal discretionary power and responsibility over the subject matters mentioned within" the complaint, and thus must be held accountable for the violation of Plaintiff's Eighth Amendment rights. The Court notes, however, that Plaintiff was given an opportunity to amend his original complaint, which he did not do. As a result, these, and other allegations, put forth in Thornton's brief will not be considered, as they were not pleaded in the original complaint, and are not appropriately before the Court.

that he is attempting to establish liability against the warden solely on the basis of his supervisory capacity within the prison. Consequently, application of the above standards to the facts of this case compels that Thornton's complaint be dismissed.

NOW, THEREFORE, THIS 28th DAY OF MARCH, 2002, IT IS HEREBY ORDERED THAT:

1. The complaint is dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

2. Plaintiff's "Petition for Writ of Mandamus" (Doc. No. 37) is dismissed as moot.[3]

3. The Clerk of Court is directed to close this case.

4. Any appeal taken from this case will be deemed frivolous, without probable cause and not taken in good faith.

_____
YVETTE KANE
United States District Judge

---

[3] Thornton filed a document entitled "Writ of Mandamus" on August 15, 2001 alleging that he was being refused access to the unit law library, and also being refused his "legal property., etc." These claims are not presently the court.